UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> ) <br> **v.** ) <br> ) <br> **DEREK ROJAS,** ) <br> ) <br> **DEFENDANT** ) | **CRIMINAL NO. 04-57-P-H-03** |

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

On June 29, 2005, I sentenced the defendant for possession with intent to distribute 50 or more grams of cocaine base ("crack cocaine"), aiding and abetting. Under the statute, the defendant faced a minimum sentence of 10 years. As a result, his Guidelines range was 120 months (because of the 10-year minimum) to 135 months. When the government filed a motion under 18 U.S.C. § 3553(e) and USSG § 5K1.1, however, I sentenced the defendant to 108 months, see Judgment (Docket Item 158), departing from the low end of the Guideline range.

On April 8, 2008, the defendant filed a motion for appointment of counsel on a form prepared by the Federal Defender's office in connection with reduction of sentences under the retroactive crack cocaine Guideline amendment. The motion is **DENIED**.

The defendant was sentenced under 21 U.S.C. § 841(b)(1)(A). That statute provides that where the crime involves 50 grams or more of a mixture or substance containing crack cocaine, the sentence must be at least 10 years. That

drug quantity calculation is statutory; it is unaffected by the recent Guideline amendment.

As a result, in this case, whatever changes the crack cocaine Guideline amendment might authorize in the underlying base offense level calculations or, for that matter, in any other Guidelines calculations, those changes cannot alter the ultimate statutory floor of 10 years—which depends upon 50 grams of crack cocaine.  21 U.S.C. § 841(b)(1)(A).  The best the defendant could hope for is 10 years as both the minimum and maximum.  It is true that I reduced the original sentence for substantial assistance, but I measured the reduction from the statutory 10-year floor.  Since a judge has authority to reduce a sentence in a case like this only if the "sentencing range . . . has subsequently been lowered," 18 U.S.C. § 3582(c)(2), and since the defendant's minimum sentencing range from where I measured the departure—10 years—has not been lowered, the crack cocaine Guideline amendment does not help him.

Accordingly, the motion to appoint counsel, treated also as a motion to reduce sentence, is **DENIED**.

**SO ORDERED.**

**DATED THIS 15TH DAY OF APRIL, 2008**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2